IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MYLAN SESSIONS,

    Plaintiff,

v.                                CASE NO.  4:11cv406-RH/WCS

FLORIDA COMMERCE CREDIT UNION,

    Defendant.

_____/


## ORDER ON THE SITE OF THE PLAINTIFF'S DEPOSITION

    This action arises under the Americans with Disabilities Act and the Family and Medical Leave Act.  The plaintiff apparently asserts that she was fully able—at least with reasonable accommodation—to perform her job as a collector for the defendant credit union.  She seeks an award of damages.  She also seeks reinstatement to that position.

    The plaintiff worked for the defendant in Tallahassee and filed this case in Tallahassee.  The defendant has set the plaintiff's deposition in Tallahassee.  The plaintiff has moved for a protective order blocking the deposition.  The plaintiff says she has moved to North Carolina and that returning to Tallahassee for a deposition would impose an unreasonable hardship because of the medical

condition that underlies the ADA and FMLA claims.  The plaintiff is "extremely myopic," suffering both "myopic degeneration throughout the macula" and "lattice regeneration."  ECF No. 14-1.  This would make it hard to drive a vehicle to Tallahassee or fly on a plane.  There is no obvious reason why it would be difficult to be a *passenger* in a car, bus, or train.

There is some tension between the assertion that the plaintiff could and still can be a collector for a credit union but cannot travel 400 miles by any means.  And in any event, if the plaintiff's deposition can be taken only in North Carolina, there is no reason why the defendant should bear the attendant expense.  This order gives the plaintiff the option of coming to Tallahassee for the deposition—either on the date now set or another reasonable and reasonably prompt date—or paying for the defendant's attorney to travel to North Carolina for the deposition.  The order provides for the payment of only two hours of travel time because the defendant's attorney can work—on this case or another—during most of the time spent traveling.

One final note.  This order has been entered without awaiting the defendant's response.  No attorney's fees will be assessed against the plaintiff in connection with this motion, both because her position was substantially justified and because the defendant has not had to respond and thus presumably has incurred very little expense on the motion.  If the plaintiff elects to be deposed in

North Carolina under the terms of this order and the defendant asserts the deposition should not take place there even on these terms, the defendant may file a motion to compel the plaintiff to appear in Tallahassee. The fee-shifting provisions of Federal Rule of Civil Procedure 37 will apply to any such motion.

For these reasons,

IT IS ORDERED:

The plaintiff's motion for a protective order, ECF No. 14, is DENIED. The plaintiff, at her option, must (1) appear for a deposition in Tallahassee, or (2) pay in advance—or on terms acceptable to the defendant—the expense the defendant will incur for its attorney to travel to North Carolina to take the deposition, limited to the cheapest reasonably available airfare, the ground-transportation expense on both ends, and attorney's fees for two hours of travel at the rate the defendant's attorney is actually charging on this case.

SO ORDERED on November 22, 2011.

s/Robert L. Hinkle
United States District Judge

Case No. 4:11cv406-RH/WCS